J-S64041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACOB PEMBERTON | |
| Appellant | No. 523 EDA 2016 |

Appeal from the PCRA Order January 6, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001332-2013

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY STEVENS, P.J.E.:        **FILED SEPTEMBER 27, 2016**

Jacob Pemberton ("Appellant") appeals from the order entered by the Court of Common Pleas of Bucks County denying as untimely his motion requesting leave to reinstate his direct appeal rights *nunc pro tunc*, which the court correctly treated as his first petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.*  In response, the Commonwealth supports Appellant's appeal, agreeing that it inadvertently misrepresented filing deadlines dispositive to the timeliness question presented to the court.  As we find the record supports the parties' unified position, we vacate the order denying relief and remand the matter for further proceedings.

On June 17, 2013, Appellant pled guilty to the offenses of Attempted Murder, Robbery, Criminal Conspiracy, and related offenses.  Initially, on

_____
*Former Justice specially assigned to the Superior Court.

September 4, 2013, the court imposed an aggregate sentence of not less than 20 nor more than 40 years' incarceration, but, on December 17, 2013, it granted Appellant's motion to modify sentence and imposed a new aggregate sentence of incarceration of not less than 17 ½ to 35 years. Appellant filed a timely direct appeal, but this Court, on September 8, 2014, dismissed the appeal for Appellant's failure to file an appellate brief.

On April 13, 2015, Appellant filed with the lower court a Motion seeking leave to file post-trial motions and a direct appeal *nunc pro tunc*. The court properly treated this motion as a PCRA petition. ***See Commonwealth v. Lantzy***, 736 A.2d 564 (Pa. 1999). On July 8, 2015, the Commonwealth filed a motion to dismiss the PCRA petition on jurisdictional grounds, claiming that Appellant had actually filed an untimely post-sentence motion in 2013, which, in turn, meant his judgment of sentence became final on October 4, 2013. As Appellant's PCRA petition of April 13, 2015, was clearly filed more than one year later, it was time-barred under Section 9545(b)(1), the Commonwealth posited. The court heard argument on the issue and, on January 6, 2016, agreed with the Commownealth's position and dismissed Appellant's petition as untimely.

After Appellant filed the present appeal, the parties came to an agreement that Appellant had, in fact, filed a timely post-sentence motion. Pursuant to Pa.R.Crim.P. 720(A)(1), Appellant had ten days after receiving sentence on September 4, 2013, to filed a timely post-sentence motion. His filing twelve days later, on Monday, September 16, 2013, was nevertheless

timely pursuant to 1 Pa.C.S. 1908, which provides "[w]henever the last day of any [period of time . . . is referred to in any statute] shall fall on a Saturday or Sunday . . . such day shall be omitted from the computation." The parties further agree that, because the post-sentence motion was timely, all subsequent filings made by Appellant were timely, as well, including his motion for *nunc pro tunc* relief construed as a PCRA petition.

Our review of the record supports the parties' mutual position that Appellant's motion met the jurisdictional requirements of the PCRA. Accordingly, deeming the PCRA court's denial of relief on jurisdictional grounds erroneous, we vacate the order entered below and remand this matter to the PCRA court for further proceedings consistent with this decision.

Order Vacated. Case remanded. Jurisdiction relinquished. Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2016

- 3 -